WILLIAM DEVRIES & CO. v. W. Y. and J. C. WARREN.

*Counter-Claim—Parties.*

1. Where the plaintiff sues upon a bond given for the purchase money of a life estate in land whereof he is tenant in common with the defendant and others of the reversion in fee expectant upon the termination of such life estate, the defendant cannot set up a counter-claim for damage done by the plaintiff to the inheritance in cutting timber from the land and committing other acts of waste, during the continuance of the life estate, and before the sale thereof to the defendant.

2. Even if such counter-claim were allowable, it could not be pleaded without making the other tenants in common of the reversion parties to the suit.

CIVIL ACTION tried at Spring Term, 1879, of CHOWAN Superior Court, before *Avery, J.*

The defendant, W. Y. Warren, appealed from the judgment below.

*Messrs. Merrimon & Fuller,* for plaintiffs.

*Messrs. Pruden & Shaw* and *Gilliam & Gatling,* for defendants.

DILLARD, J.    The defendant, W. Y. Warren, executed his bond on the 15th of February, 1873, for $312.54, on a condition (which will be hereafter described) to the (now) plaintiff, J. C. Warren, who assigned the same to Devries & Co. Devries & Co. instituted suit on the bond and recovered judgment against the assignor and the obligor, and subsequently on the motion of W. Y. Warren, the judgment was set aside as to him for non-service of the summons on him, and thereupon J. C. Warren paid the amount of the recovery, and by consent the case was constituted in court as between J. C. Warren declaring on the bond as his cause of action, and

against W. Y. Warren, defending on the ground of a counter-claim against the bond.

In order to understand the consideration of the bond in suit and the matters constituting the counter-claim, and the alleged errors in law on the trial in the court below, it will be material to state the facts.

Thomas D. Warren was tenant by the courtesy of several tracts of land, of which the reversion in fee belonged to the parties, J. C. Warren and W. Y. Warren and other children of the life tenant, and the life estate of Thomas D. Warren in all the tracts was sold under execution, and bought by J. C. Warren and Thomas Warren, two of the tenants in common of the reversion, in the year 1869. In 1873 J. C. Warren sold and conveyed one of the tracts so purchased at sheriff's sale, to the defendant, W. Y. Warren, also one of the tenants in common, for the term of the life of the tenant by the courtesy, and the bond now in suit was executed to secure the purchase money.

The allegation of the defendant is that prior to the sheriff's sale in 1869, the plaintiff lived on one of the tracts of land with the life tenant, and in the years 1866 and 1867, cut and sold or removed therefrom timber of great value, in the net proceeds of which he and plaintiff, with the other children, were interested as tenants in common, and for which plaintiff was liable to account; and that between the purchase in 1869, and the death of the father in March, 1878, when all the lands were partitioned between the parties interested, the plaintiff had committed waste on the " Brial farm," both voluntary and permissive, whereby the value of that tract was greatly reduced.

Upon these facts the defendant insisted on the trial in the court below, to have the jury sworn in the cause to find, on the issues submitted, his *aliquot* share in the profits from the sale of timber in 1866 and 1867, and also his share in the damages from the voluntary and permissive waste done

on the Brial farm between the purchase of the life estate and the death of the life tenant, and claimed the benefit of the sum which ought to be due by way of counter-claim against the plaintiff's demand.

Upon the trial two issues were submitted to the jury, one inquiring into the damage to defendant from the sale of timber in 1866 and 1867, and the other into his damage from waste on the Brial farm, and after all the evidence was in, His Honor ruled that defendant's counter-claim could not be allowed under either of the issues. And thereupon the jury were discharged from finding on either issue, and judgment was entered for the plaintiff for the amount of his note, and the defendant appealed.

By the code, an answer setting up a counter-claim must state the facts necessary to constitute a cause of action against the plaintiff as if a separate action were brought thereon, and such cause of action must be one arising either out of the contract or transaction which forms the foundation of plaintiff's claim, or connected with the subject of the action, or arising out of some other contract.  § 101 (1 and 2). Such a defence, if the plaintiff's cause of action be not denied, admits, modifies or qualifies it, and proposes to extinguish it by a cause of action the defendant has, having the requisites prescribed by law as above. So in order to determine the availability of defendant's counter-claim, we must consider whether it comes within the provisions of the statute on that subject.

The contract or transaction which is the foundation of the plaintiff's claim, is the sale and conveyance in 1873 by plaintiff to defendant for the life of the tenant by the courtesy, of one of the tracts of land in which plaintiff and defendant were to become tenants in common in possession in fee at the expiration of the life estate ; and the bond sued on was for the purchase money, and was the contract on which plaintiff's action was founded.   The damages claimed

to be discounted arose, if at all, from the sale of timber in 1866, while John D. Warren, the life tenant, was the possesor and owner, and from waste on the Brial farm, after the purchase of the life estate by plaintiff and before the expiration of the life estate. And thus it is seen that the facts constituting the counter-claim did not arise out of the contract or transaction on which plaintiff's claim is founded. Neither are the facts relied on connected with the subject of the action. The subject of the action is the money due on the contract of sale, or extending the term " transaction " to its accessories, it may embrace any violation of the covenants in plaintiff's deed to defendant as to seisin, quiet enjoyment, quantity of estate, or fraud in procuring the sale; but the counter-claim set up is in respect to matters long before the sale to defendant and about other tracts of land, and therefore in no manner connected with the subject of the present action. It is therefore our opinion that the counter-claim thus far is not maintainable.

But it is insisted that the right of counter-claim embraces any defences the defendant may have, whether legal or equitable, and it is claimed that plaintiff is liable to account for the profits from sale of timber, and also for the damages done the Brial farm by waste, and that the defendant's share therein may be availed of as an equitable counter-claim.

The requisites of a good counter-claim as prescribed by the statute embraces both legal and equitable defences, and the matter relied on as constituting such counter-claims must come within its spirit and meaning. Here, from the facts stated in the judge's statement, the sales of timber were during the ownership of the tenant for life, and the waste alleged on the Brial farm was before the reversion became a tenancy in common in possession; and whatever remedy existed therefor in favor of the co-tenants in reversion, whether by injunction to future sales and waste, with account for the

past sales and waste, or by action, such as an action on the case in the nature of waste, it was a matter in tort, and as such the *aliquot* share in such damage, however ascertained, could not be applied as a discount from the bond in suit, as it was a tort and in no manner connected with the contract, transaction or subject of the plaintiff's action, but concerned other tracts of land and not the one which forms the consideration of the bond declared on. Pomeroy on Remedies, § 784; *Kurtz* v. *McGuire*, 5 Duer, 660.

But take it most strongly for defendant, and say that plaintiff is liable to account in the respects claimed, can defendant assert and have benefit of such liability on the averments in his answer? A defendant asserting a counter-claim is as to that a plaintiff; and to maintain the same, his facts must be legally sufficient, and be stated in such manner, and with all necessary parties, such as would entitle him to recover, were he suing as plaintiff in a separate action, consistently with the rules of practice applicable according to the nature of the claim. The code prescribing what counter-claims may be allowed, prescribes that all parties in interest must be parties to the cause. And herein, it is the embodiment of the equity rules adopted on the reason to determine the rights of all persons involved, in one action, and thereby avoid multiplicity of suits, and save a party liable from the vexation and expense of repeated actions about the same matter.

Now here it is alleged in the answer and the proof shows that the parties to the action and others, not before the court, are interested in the profits from sales of timber and in the damage done to the Brial farm by waste; and upon the allegations and proofs, if defendant were suing as plaintiff in a separate action for an account and payment of his share thereof, a court of equity would hold the absent parties as necessary to a complete determination of the contro-

versy, and would not decree any relief unless they were brought before the court.

If His Honor had ruled the defendant entitled to have the jury to find his share in the damages against the plaintiff, the plaintiff would be exposed to as many similar accountings as there were tenants in common of the lands. The code, even if it be conceded that defendant had the right claimed by him, never intended to authorize the defendant to have an account taken and his share in such profits and damages used as a counter-claim, unless all the parties interested in the account were before the court.

In our opinion there was no error in the particulars complained of by defendant and the judgment of the court below is affirmed.

No error.                         Affirmed.